## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA

### Wheeling Division

**DIANA MEY, individually and on behalf of a
class of all persons and entities similarly situated,**

      **Plaintiff,**

**vs.**

**FESTIVA DEVELOPMENT GROUP, INC., and
ALLEN MARKETING GROUP, INC.**

      **Defendants.**

Case No. <u>5:17-cv-58 (Stamp)</u>

Electronically Filed 5/8/2017

### CLASS ACTION COMPLAINT

### Preliminary Statement

1.      Plaintiff Diana Mey brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012).

2.      Defendant Allen Marketing Group, Inc. ("Allen Marketing") sent Ms. Mey and other putative class members automated telemarketing calls without prior express written consent. Defendant Allen Marketing placed the calls under an agreement with Defendant Festiva Development Group, Inc. ("Festiva"), who hired Allen Marketing to generate new business through telemarketing.

3.      Because the call to Ms. Mey was transmitted using technology capable of generating thousands of similar calls per day, Ms. Mey sues on behalf of a proposed nationwide class of persons who received illegal telephone calls from Allen Marketing.

4.      A class action is the best means of obtaining redress for the Defendants' illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.      Plaintiff Diana Mey resides in Wheeling, West Virginia. She is a "person" as defined by 47 U.S.C. § 153(39).

6.      Defendant Festiva Development Group, Inc. is a Nevada Corporation with an Orlando headquarters that transacts business throughout the United States, including this District. Its registered agent is Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

7.      Defendant Allen Marketing Group, Inc. is a Utah corporation that transacts business throughout the United States, including this District. Its registered agent is Corporation Service Company, 10 E. South Temple, Suite 850, Salt Lake City, UT 84133.

## Jurisdiction & Venue

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1331.

9.      Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim – in particular, Ms. Mey's receipt of the calls – occurred in this district.

## Statutory Background

10.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11.     The TCPA regulates the use of automated telephone equipment, or "autodialers." Section 227(b)(1)(A)(iii) of the TCPA prohibits the use of autodialers to make any call to a wireless number absent an emergency or the prior express consent of the called party.

12.     According to the FCC, the agency vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls.

13.     The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[1]

14.     On January 4, 2008, the FCC released a Declaratory Ruling where it confirmed that autodialed and prerecorded message calls to a wireless number are permitted only if the calls are made with the "prior express consent" of the called party.[2]

## Factual Allegations

## Calls from Allen Marketing

15.     On September 17 and 23, 2016 the Plaintiff received multiple automated calls from Allen Marketing to (304) 242-XXXX, a cellular telephone number that had been on the National Do Not Call Registry for more than 31 days prior to the calls at issue.

16.     The following facts indicate the calls were placed through an "automatic telephone dialing system" as defined in 47 U.S.C. § 227(a)(1):

---

[1] *In re Rules and Regulations Implementing the TCPA*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 (¶ 165) (2003).
[2] *In re Rules and Regulations Implementing the TCPA*, CG Docket No. 02-278, Declaratory Ruling, 23 FCC Rcd 559, 564-65 (¶ 10) (2008) ("2008 FCC Declaratory Ruling").

a.   The geographic location between the Plaintiff and the Defendant indicates that the calling was done through a nationwide *en masse* telemarketing campaign;

b.   Allen Marketing manipulated the Caller ID number to make it appear as a local number, which is typically done in an automated telemarketing campaign;

c.   On the calls from Allen Marketing to the Plaintiff there was a distinctive click and pause before a live human operator came on the line.

17.     Through both the scripted pitch telephone and e-mail communications, Allen Marketing attempted to sell Festiva's vacation services.

18.     Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

**Festiva's Liability and its Arrangement with Allen Marketing**

19.     For more than 20 years, the Federal Communication Commission has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

20.     On May 9, 2013, the FCC released a Declaratory Ruling reiterating that a corporation or other entity that contracts out its telephone marketing "may be held vicariously

liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers."[3]

     21.    In that Order, the FCC instructed that sellers such as Festiva may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*May 2013 FCC Ruling*, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

     22.    The May 2013 FCC Ruling held that, even absent evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. 28 FCC Rcd. at 6586 (¶ 34).

     23.    Allen Marketing made the autodialed calls described herein "on behalf of" Festiva within the meaning of the FCC's Declaratory Rulings and 47 U.S.C. § 227(c)(5).

     24.    Festiva is liable for the Allen Marketing telemarketing calls because Allen Telemarketing acted as Festiva's agent, with actual authority, when placing the calls on Festiva's behalf.

---

[3] *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd 6574, 6574 (¶ 1) (2013) ("May 2013 FCC Ruling").

25.     By hiring Allen Marketing to make calls on behalf of its agents to generate new business, Festiva "manifest[ed] assent to another person . . . that the agent shall act on the principal's behalf and subject to the principal's control" as described in the Restatement (Third) of Agency.  Similarly, by accepting these contacts, Allen Marketing "manifest[ed] assent or otherwise consent[ed]  . . . to act" on behalf of Festiva, as described in the Restatement (Third) of Agency.

26.     Festiva maintains control over its agents' actions, both as to telemarketing and other activities, by directing the content of their agents' advertising, approving the script that is used, and requiring Allen Marketing to abide by Festiva's guidelines.

27.     In May of 2014, Festiva entered into an Assurance of Voluntary Compliance with the State of Florida, which required compliance with the TCPA. As such, Festiva was on explicit notice of the TCPA's requirements prior to the calls placed to the Plaintiff and other members of the putative class.

28.     Nonetheless, Festiva knew (or reasonably should have known) that Allen Marketing was violating the TCPA on its behalf, and failed to take effective steps within their power to force the telemarketer to cease that conduct.

29.     Festiva requires third parties like Allen Marketing to represent the company to consumers, including non-customers.

30.     In addition, by accepting the benefits of the sales resulting from Allen Marketing's conduct, Festiva ratified the unlawful calls to Plaintiff and the other call recipients.

31.     Although these allegations are sufficient, the May 2013 FCC Ruling expressly states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information."  *Id.* at 6592-593 (¶ 46).

## Class Action Allegations

32.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff sues

on behalf of all other persons or entities similarly situated throughout the United States.

33.     The classes of persons Plaintiff propose to represent include:

CLASS 1:

**The prerecord/autodialer class**: All persons within the United States (a) to whom Allen Marketing initiated a telephone call promoting Festiva services, (b) to a cellular telephone number, (c) using an automatic telephone dialing system or an artificial or prerecorded voice, (d) at any time four years before the date this action was commenced through the date of class certification.

CLASS 2:

**The NDNC Class**: All persons within the United States who (a) received more than one telephone solicitation from Allen Marketing promoting Festiva Services, (b) in any twelve-month period, (c) at a number listed on the National Do Not Call Registry for at least 31 days, (d) at any time four years before the date this action was commenced through the date of class certification.

34.     Excluded from the class are the Defendants, any entities in which the Defendants

have a controlling interest, the Defendants' agents and employees, any Judge to whom this action

is assigned, and any member of the Judge's staff and immediate family.

35.     The proposed class members are identifiable through phone records and phone

number databases.

36.     The potential class members number in the thousands, at least. Individual joinder

of these persons is impracticable.

37.     Plaintiff is a member of the classes.

38.     There are questions of law and fact common to Plaintiff and to the proposed class,

including but not limited to:

a.     Whether the Defendants used an ATDS to send telemarketing calls;

7

    b.    Whether the Defendants placed automated telemarketing calls without obtaining the recipients' valid prior express written consent;

    c.    Whether the Defendants' violations of the TCPA were negligent, willful, or knowing; and

    d.    Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendants' actions.

39.    Plaintiff's claims are based on the same facts and legal theories, and therefore are typical of the claims of class members.

40.    Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class, she will fairly and adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

41.    The actions of the Defendants are applicable to the class and to Plaintiff.

42.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

43.    The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

44.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**Legal Claims**

**Count One:**
**Violation of the TCPA's provisions prohibiting**
**autodialer and prerecorded message calls to cell phones**

45.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

46.     The Defendants violated the TCPA by (a) initiating a telephone call using an automated dialing system or prerecorded voice to Plaintiff's telephone numbers assigned to a cellular telephone service, or (b) by the fact that others caused the initiation of those calls on its behalf.  *See* 47 C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

47.     The Defendant's violations were negligent and/or knowing.

**Count Two:**
**Violation of the TCPA's Do Not Call Provision**

48.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

49.     The Defendants violated the TCPA by (a) initiating more than one telephone call to the Plaintiff in a twelve month period while her number was on the National Do Not Call Registry (b) by the fact that others caused the initiation of those calls on its behalf.  *See* 47 U.S.C. § 227(c).

50.     The Defendants violations were negligent and/or knowing.

**Relief Sought**

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Classes, request judgment against Defendants as follows:

A.     That the Court certify the proposed Classes;

B.     That the Court appoint Plaintiff Class representative;

C.      That the Court appoint the undersigned counsel as counsel for the Class;

D.      That the Court enter a judgment permanently enjoining the Defendants from engaging in or relying upon telemarketing, or, alternatively, from engaging in or relying upon telemarketing that violates the TCPA;

E.      That, should the Court permit Defendants to engage in or rely on telemarketing, it enter a judgment requiring them to adopt measures to ensure TCPA compliance, and that the Court retain jurisdiction for a period of six months to ensure that the Defendants comply with those measures;

F.      That the Court enter a judgment awarding any other injunctive relief necessary to ensure the Defendants' compliance with the TCPA;

G.      That the Court enter a judgment finding that Defendants is jointly and severally liable to Plaintiff and all class members for all violations arising from the calls;

H.      That Defendants and their agents, or anyone acting on their behalves, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

I.      That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation;

J.      That the Court enter an order awarding the Plaintiff reasonable attorneys' fees and costs; and

K.      That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.


**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Plaintiff,
By Counsel,

/s/ John W. Barrett
John W. Barrett (WVSB #7289)
Ryan McCune Donovan (WVSB #11660)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
jbarrett@baileyglasser.com
rodonovan@baileyglasser.com

Edward A. Broderick
Anthony Paronich
Broderick & Paronich, P.C.
99 High St., Suite 304
Boston, MA 02110
(508) 221-1510
ted@broderick-law.com
anthony@broderick-law.com
        *Subject to Pro Hac Vice*

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
        *Subject to Pro Hac Vice*